■ In the Matter of PLACID-MARCY Co., INC., Respondent, v. BOARD OF ASSESSORS of the TOWN OF NORTH ELBA et al., Appellants.— AULISI, J. Appeal from an order and judgment of the Supreme Court in favor of petitioner, entered December 23, 1966, in Essex County, upon the decision of the court at a Special Term, which reduced the assessment of petitioner's real property in the Town of North Elba for the years 1964 and 1965. The property, known as the Hotel Marcy, is an American plan resort hotel located within the Village of Lake Placid. For assessment purposes, four distinct parcels are recognized: the main hotel, originally constructed in 1926 and acquired by petitioner in 1944; the Marcy Motor Inn, purchased in 1954; a lot lying south of Bradford Street; and the beach lot. In 1956, petitioner sold all of the property and equipment, with the exception of the Motor Inn, for $600,000, taking back a purchase-money mortgage of $480,000. When the purchaser abandoned the property in 1961, petitioner, the only bidder, reacquired it at the foreclosure sale for $185,000. In an effort to repair, improve and modernize the premises, petitioner expended the sum of $177,000 in 1961 and the further sums of $163,500 in 1962, $34,300 in 1963 and $157,000 in the years 1964 and 1965. To finance these improvements, petitioner obtained a $250,000 mortgage loan from a bank in 1964, but the personal guarantee of petitioner's only shareholders was required for the first $75,000 of the loan. Despite these expenditures and the improvements made to the property, the owners complained of an increasingly effective competition from the newer and more modern motels in the area. The assessments for the years in question on the hotel and the Motor Inn were: 1964 — $93,000; 1965 — $124,500. Applying the parties' stipulation that the property was assessed at 19% of its value, these assessments represent a full value of $489,473 for 1964 and $655,263 for 1965. The petitioner alleged overvaluation and considerable testimony was presented by both parties. Special Term rejected the expert opinion testimony as to value as being unrealistic. Relying primarily upon a capitalization of its own estimate of petitioner's income and the assessment of

petitioner's property by the Village of Lake Placid, a separate assessing entity, the court determined that the value of these two parcels for both years was $289,473 and accordingly directed that the assessments be reduced to $55,000 for each of the years in question. The assessments of the two lots owned by petitioner, contested only for the year 1965 were confirmed by the court. Although Special Term was warranted in rejecting the expert testimony, we are constrained to conclude that it erred in according great weight to both of the above items of proof in arriving at its valuation. The income evidence reflected the operation of the hotel business being conducted upon the premises and thus can be of only limited weight in determining the value of the assessed realty (*People ex rel. Hotel Paramount Corp.* v. *Chambers,* 298 N. Y. 372). The village assessment, while furnishing some evidence of value (*Matter of Cedarhurst Gardens* v. *Elderd,* 266 App. Div. 1016), was by no means conclusive nor entitled to the significance attached to it by Special Term. While the record justifies a reduction in the assessment of the hotel and Motor Inn (parcels 1 and 2), it also reveals a higher valuation than that established by Special Term. Upon reviewing the record and the trial court's thorough and comprehensive decision and giving due consideration to the sales of, and the mortgage on the property, the improvements made thereto subsequent to reacquisition, the opinion evidence, the depreciation evidence and the balance sheets of petitioner's corporation, we conclude that the full value of these parcels is $350,000 for both years in question. Accordingly, the reductions directed upon the 1964 and 1965 assessment rolls should be modified by decreasing the assessments to $66,500 rather than $55,000 a directed by Special Term. As to parcels 3 and 4, the record lacks a substantial basis for a reduction and in our view there is no reason to disturb the decision of the Special Term. Order and judgment modified, on the law and the facts, in accordance with this decision, and, as so modified, affirmed, with costs to petitioner. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.